FILED
February 25, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____K Cavazos_____
DEPUTY

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PROVEN NETWORKS, LLC, PATENT LITIGATION     MDL No. 2959

## TRANSFER ORDER

**Before the Panel:**[*] Accused infringer F5 Networks, Inc., moves under Panel Rule 7.1 to vacate the order conditionally transferring the action on Schedule A to the Western District of Texas for inclusion in MDL No. 2959. Patentholder Proven Networks, LLC, the plaintiff in the action, opposes the motion and supports transfer.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2959, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Western District of Texas was an appropriate forum for actions involving the alleged infringement of certain patents concerning data networking technology owned by Proven Networks.[1] *See In re Proven Networks, LLC, Patent Litig.*, \_\_\_ F. Supp. 3d \_\_\_, 2020 WL 5887408 (J.P.M.L. Oct. 1, 2020). The Panel determined that centralization was warranted based on significant overlap in the asserted patents, though no single patent was common all actions. *See id.* at \*1 ("although different combinations of patents are asserted in the actions, there is substantial overlap in the asserted patents"). The Panel noted that the overlapping patents in the centralized actions included the '024, '454, and '507 patents, and involved common factual questions relating to claim construction, patent validity, and the patents' transfer history, including associated valuation, damages, and standing issues. *See id.* at \*1-2. The *F5* action involves alleged infringement of the '507 patent at issue in the MDL and thus is appropriate for transfer.

In opposition to transfer, defendant F5 principally argues that (1) the *F5* action involves a second distinct patent that is not asserted in the MDL (the '786 patent) and different accused products; (2) informal coordination is a practicable alternative; (3) the transferee court is unlikely to grant F5's anticipated motion for stay pending an agency ruling on the validity of the '507 and

---

[*]     Judge David C. Norton took no part in the decision of this matter.

[1]     The actions before the Panel involved U.S. Patent Nos. 8,018,852 (the '852 patent); 8,165,024 (the '024 patent); 8,812,454 (the '454 patent); 7,450,507 (the '507 patent); and 7,877,786 (the '786 patent). The '786 patent was asserted only in the *F5* potential tag-along action.

'786 patents;[2] and (4) transfer is inconvenient and unjust considering the alleged California-based nature of the *F5* action. These arguments are unpersuasive. At the time of the initial transfer order, the Panel considered and rejected objections based on differences in the patents and accused products, and the Panel's reasoning applies with equal force to the *F5* action:[3]

> [A]lthough different combinations of patents are asserted in the actions, there is substantial overlap in the asserted patents . . . . Absent centralization, duplicative claim construction proceedings on these patents will be necessary. Second, differences in the accused products and infringement allegations in the cases do not prevent centralization where common factual issues involving claim construction and patent invalidity are shared.

*See id* at 5887408, *1-2.[4] Informal coordination is not preferable to transfer given the overlapping claim construction and patent validity issues presented by '507 patent.

Defendant F5's arguments concerning the potential for adverse rulings from the transferee judge also are unpersuasive. The Panel does not consider "'[t]he prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contention . . . in exercising its discretion under Section 1407.'" *See In re Eliquis (Apixaban) Prods. Liab. Litig.*, 282 F. Supp. 3d 1354, 1356 n.4 (J.P.M.L. 2017) (*quoting In re Libor-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262, Doc. No. 226, Transfer Order, at 2 (J.P.M.L. June 6, 2013) (internal citation and quotation marks omitted)).

Transfer of the *F5* action is warranted despite any inconvenience to defendant and California's alleged interest in resolving the action. In deciding transfer, the Panel looks to the overall convenience of the parties and witnesses in the litigation as a whole. *See, e.g., In re Watson*

---

[2] A petition for inter partes review challenging the validity of the '507 patent was filed by NetApp, a defendant in the MDL, and remains pending before the U.S. Patent and Trademark Office. According to defendant F5, it likely will file a petition challenging the validity of the '786 patent, which, together with the '507 petition, would warrant a stay of the entire *F5* action.

[3] Indeed, nearly all the information that allegedly differentiates *F5* from the other centralized actions was before the Panel at the time of the initial transfer order and led the Panel to conclude at that time that the *F5* was appropriate for inclusion in the MDL through the CTO process – for example, the involvement of one nonoverlapping patent, different accused products, and the voluntary dismissal of Proven's first case asserting claims against F5. *See In re Proven Networks, LLC, Patent Litig.*, 2020 WL 5887408, at *1 & n.4. The Panel has fully considered defendant's presentation of these and additional arguments in the briefing on F5's motion to vacate in again concluding that transfer of the *F5* action to the MDL is appropriate.

[4] *See also In re Rembrandt Techs., LP, Patent Litig.*, 493 F. Supp. 2d 1367, 1369 (J.P.M.L. 2007) (centralizing 15 actions "involv[ing] allegations of infringement and/or invalidity of one or more of the [nine] patents," and rejecting objections based on alleged "unique questions of fact relating to each patent"; explaining "[t]ransfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer").

*Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("While we are aware that centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Here, the interests of the parties, witnesses, and overall efficiency are best served by having a single court preside over the common factual and legal issues raised by the overlapping patents. Defendant's concerns about the travel burden also are speculative. "[S]ince Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001).

Defendant F5 alternatively requests a stay of transfer pending the transferor court's decision on its motion to dismiss the '507 claims for lack of patent eligibility. We see no need to stay transfer. The transferee court is familiar with the issues in this litigation and is well-positioned to rule on the motion to dismiss. Transfer without further delay also will ensure consistent rulings on the issues relating to the '507 patent.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Western District of Texas and, with the consent of that court, assigned to the Honorable Alan D. Albright for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

A true copy of the original, I certify.
Clerk, U.S. District Court
By_____Kathy Cavazos_____
February 25, 2021    Deputy

_____Karen K. Caldwell_____
Karen K. Caldwell
Chair

Catherine D. Perry           Nathaniel M. Gorton
Matthew F. Kennelly        Roger T. Benitez
Dale A. Kimball

**IN RE: PROVEN NETWORKS, LLC, PATENT LITIGATION**  MDL No. 2959

## SCHEDULE A

<u>Northern District of California</u>

PROVEN NETWORKS, LLC v. F5 NETWORKS, INC., C.A. No. 3:20-05571